Richard O. BURGESS Plaintiff–Appellant,

v.

Bill BENNETT, S.R.C.I. Counselor; and L. Merritt, Corrections Officer Defendants–Appellees.

No. 00–35725.

D.C. No. CV–99–1191–TMC.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.[*]

Decided Aug. 29, 2001.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Bogart's request for oral argument.

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Richard O. Burgess, an inmate of the Snake River Correctional Facility, brought a 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights. Burgess appeals pro se the district court's grant of judgment on the pleadings as to claims 1, 2, 3, 4, and 8 of his complaint, and the grant of summary judgment as to his remaining First Amendment claims.

### I

Burgess's rights were not violated when the district court ordered that the filing fee be deducted from "plaintiff's trust account." No misidentification occurred.

### II

We affirm the dismissal of claims related to the presence of allegedly incorrect information in Burgess's prison file and sealed PSI report. The allegedly incorrect information was not relied upon by prison officials to any constitutionally significant degree: A prisoner has no constitutional right to a particular custody classification, or to participate or refrain from participation in rehabilitative programs. *See, e.g., Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (rejecting claim that "prisoner classification and eligibility for rehabilitative programs" invoked due process protections).

### III

We affirm the grant of summary judgment as to Burgess's First Amendment claims. Even if actionable, Burgess's claim that the correctional institution is "making it appear these religious services are institutionally controlled" is belied by Burgess's own complaint which acknowledges that the religious services are "provided by civilian volunteers," are "not Federally funded," and are "voluntarily" attended.

We further affirm the district court's grant of summary judgment as to Burgess's claim that he was punished for failing to attend a religious service because Burgess was never punished for failing to attend worship services. Uncontested facts[1] demonstrate that Burgess was disciplined only for violating a prison rule governing the reporting of inmates to previously designated activities.

Finally, Burgess's claim that he was not permitted to rest on Saturday, his alleged Sabbath, fails because Burgess designated his Sabbath as Sunday and never changed that designation.

### IV

In sum, defendants did not violate Burgess's constitutional rights. *Saucier v. Katz,* 531 U.S. 991, 121 S.Ct. 2151, 2155–56, 150 L.Ed.2d 272 (2001).

AFFIRMED.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We reject Burgess's contention that the district court abused its discretion when it relied upon the "hearsay testimony" of Acting Administrator of Religious Services Thomas Armstrong. *See* Fed.R.Evid. 803(6) (testimony of custodian of records); *see also* Fed. R.Evid. 602 (testimony based on personal knowledge).